■ In the Matter of MARY SULLIVAN, Respondent, v TOWN OF BABYLON, Appellant. [634 NYS2d 772] —In a proceeding pursuant to CPLR article 78, *inter alia*, to review a determination of the Town of Babylon terminating the petitioner's employment as Secretary of the Town of Babylon Zoning Board of Appeals, the appeal is from a judgment of the Supreme Court, Suffolk

County (Newmark, J.), dated August 25, 1994, which granted the petitioner's application and directed, *inter alia*, that her employment be reinstated.

Ordered that the judgment is reversed, on the law, with costs, the petitioner's application is denied, and the proceeding is dismissed.

The petitioner, who had been employed by the Town of Babylon (hereinafter the Town) for more than five years, was appointed to the position of Secretary of the Town's Zoning Board of Appeals. On January 4, 1994, the petitioner's employment was terminated without a hearing. When the Town refused her demand for reinstatement, the petitioner brought the present CPLR article 78 proceeding seeking, *inter alia*, reinstatement.

The Town moved to dismiss the proceeding, stating that the petitioner's prior position was in an exempt class. After the petitioner submitted an affidavit claiming that her position was not in an exempt class because, she claimed, it was not confidential in nature, the court granted her application in its entirety and, *inter alia*, directed that her employment be reinstated. The Town appeals.

The petitioner's application should have been denied and the proceeding dismissed. Civil Service Law § 41 (1) (c) provides that "one secretary of each municipal board or commission authorized by law to appoint a secretary" is a position in the exempt class. The position formerly occupied by the petitioner, Secretary for the Zoning Board of Appeals for the Town, had previously been placed in the exempt class by the Suffolk County Civil Service Commissioner. Since the petitioner's position was exempt, her employment could be terminated at will without a hearing (*see, Sacks v Stewart*, 75 AD2d 536, 537). Balletta, J. P., Rosenblatt, Pizzuto, Joy and Altman, JJ., concur.